[Civ. No. 20312.   Second Dist., Div. Three.   Feb. 14, 1955.]

CALVIN PIPER, Respondent, v. SHIRLEY SUSAN PIPER, Appellant.

Fizzolio & Fizzolio for Appellant.

Moidel, Moidel, Moidel & Smith and Mitchel Moidel for Respondent.

WOOD (Parker), J.—Action for divorce on the ground of extreme cruelty. Defendant (wife) answered the complaint and filed a cross-complaint for divorce on the ground of extreme cruelty. Interlocutory judgment of divorce was granted to plaintiff. Defendant appeals from the judgment and from the order denying her motion for a new trial.

Appellant contends that the evidence was insufficient to support the finding that she was guilty of extreme cruelty.

According to the testimony of plaintiff, he and defendant separated on November 4, 1951; during the last two years that they lived together the defendant was intoxicated four or five times a month; on November 1, 1952 (four days before the complaint was filed), defendant came to the bakery where plaintiff was employed and threw a 5-pound brick at him, which struck plaintiff in the rear; and on another occasion when she came to the bakery she was intoxicated.

A witness, who was employed at the bakery where plaintiff was employed, testified that he saw defendant at the bakery several times; and on all of those occasions, except one, she was under the influence of intoxicating liquor.

One of the findings was that on November 1, 1952, defendant hit plaintiff with a 5-pound weight.

According to testimony of defendant and a witness called on her behalf, there were acts of cruelty on the part of plaintiff but, in view of defendant's contention on appeal that she was not guilty of cruelty, it is not necessary to relate that testimony. Defendant does not deny that she threw a brick at plaintiff, but she asserts that the incident occurred approximately one year after their separation, and that the record is silent as to whether the throwing of the brick "had such effect on him as to constitute cruelty." She also argues that "every slight violence" is not a ground for divorce, and that the testimony of plaintiff that defendant's conduct caused him mental anguish and physical pain is a conclu-

sion. The throwing of the brick was material evidence even though it occurred after the separation. ■ "Acts of cruelty committed subsequent to the separation of a husband and wife may afford proper grounds for divorce." (*Palmanteer* v. *Palmanteer*, 11 Cal.2d 570, 571 [81 P.2d 910].) Of course, it was not necessary for plaintiff to produce additional evidence as to the effect that the brick throwing episode had upon him. The evidence supports the findings.

The judgment is affirmed. The purported appeal from the order denying the motion for a new trial is dismissed.

Shinn, P. J., and Vallée, J., concurred.